UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN GILMORE,<br><br>                    Petitioner,<br><br>v.<br><br>RICK HILL, Warden,<br><br>                    Respondent. | Case No.: 20cv2230-WQH-MDD<br><br>**REPORT AND RECOMMENDATION RE: DENIAL OF PETITION FOR WRIT OF HABEAS CORPUS** |

## I. INTRODUCTION

Petitioner Steven Gilmore ("Petitioner"), a state prisoner proceeding *pro se* and *in forma pauperis*, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 presenting a single claim challenging the validity of a guilty plea. (Docs. 1, 8.) Respondent Rick Hill ("Respondent"), Warden of Folsom State Prison, filed a response in opposition on November 3, 2021. (Doc. 29.) Petitioner filed a reply brief on January 28, 2021. (Doc. 34.)

The motion was referred to U.S. Magistrate Judge Mitchell D. Dembin for Report and Recommendation pursuant to 28 U.S.C. § 636(b) and Local

Civil Rule 72.1(d). After a thorough review of the papers on file, the facts, and the applicable law, the Court respectfully **RECOMMENDS** Petitioner's Petition be **DENIED**.

## II.     BACKGROUND

### A.     Conviction

In 1991, Judge Thomas J. Whelan of the San Diego Superior Court sentenced Petitioner to eight years in prison for voluntary manslaughter (Cal. Penal Code § 192(a)), kidnapping (Cal. Penal Code § 207(a)), and firearm enhancements (Cal. Penal Code § 12022(a)), pursuant to a plea agreement. (Doc. 18–3 at 15).

In 2001, a jury found Petitioner guilty of two counts of robbery while armed (Cal. Penal Code §§ 211, 12022(a)(1)), possession of a firearm by a felon (Cal. Penal Code § 12021(a)), and possession of ammunition by a felon (Cal. Penal Code § 12316(b)(1)). (Doc. 1 at 1; Doc. 18–1 at 2 (citing San Diego Super. Court Case No. SCN121340).) In a separate proceeding, the superior court found, based on the 1991 conviction, that Petitioner had a prior serious felony conviction (Cal. Penal Code § 667(a)(1)), and two prior strike convictions (Cal. Penal Code § 667(b)-(i)). (Doc. 18–1 at 2.) The superior court sentenced Petitioner to eighty-two years to life in prison. (Doc. 1 at 1; Doc. 18–1 at 2.)

### B.     Direct Appeal

Petitioner appealed his 2001 conviction to the California Court of Appeal. (Doc. 1 at 3 (citing Cal. Ct. App. Case No. D039279); Doc. 18–1 at 1.) In 2003, the Court of Appeal affirmed the conviction. (Doc. 1 at 3; Doc. 18–1 at 1.) Petitioner then appealed his conviction to the California Supreme Court. (Doc. 1 at 3; Doc. 18–2 at 1 (Cal. Supreme Court Case No. S116235).) On October 27, 2004, the California Supreme Court denied review. (Doc. 1 at

3; Doc. 18–2 at 1.) Petitioner did not file a petition for certiorari in the United States Supreme Court. (Doc. 1 at 3.)

      C.     <u>Collateral Review in State Court</u>

On May 27, 2020, Petitioner filed a motion for modification of his 2001 sentence in San Diego Superior Court, citing to newly enacted California Penal Code § 1016.8 which cites to *Boykin v. Alabama*, 395 U.S. 238 (1969) and the due process requirement that a defendant's guilty plea be knowing, intelligent, and voluntary. (Doc. 1 at 3; Doc. 18–3 at 1–17 (San Diego Super. Court Case No. SCN121340).) On June 11, 2020, Judge Sim von Kalinowski issued an order denying resentencing. (Doc. 1 at 2; Doc. 18–4 at 1.) Judge Kalinowski found the request untimely and found section 1016.8 inapplicable because Petitioner was convicted by a jury after trial, not by a plea bargain. (Doc. 18–4 at 1.)

On June 30, 2020, Petitioner filed in the California Court of Appeal a "Notice of Appeal to the Denial of Relief under the United States Constitutional [*sic*] 14th Amendment and the Case Law Standard Boykin v. Alabama (1969) 395 U.S. 238; Assembly Bill 1618; Penal Code § 1016.8." (Doc. 1 at 2; Doc. 18–5 at 1.) The Court of Appeal dismissed the appeal on July 1, 2020, finding the superior court's order denying resentencing as non-appealable. (Doc. 18–6 at 1); *see also People v. Gilmore*, Case No. D077639 (Cal. Ct. App. July 1, 2020) (available at https://appellatecases.courtinfo.ca.gov/search.cfm?dist=41).

Petitioner alleges he made an unsuccessful attempt to file an appeal with the California Supreme Court, which he presented for the first time in his reply brief regarding his motion to stay this case.[1] (Doc. 25 at 1, 7.) He

---

[1] The September 18, 2020 letter from the Supreme Court of California is not part of the

attaches a September 18, 2020 letter from the California Supreme Court which states as follows:

> [w]e hereby return unfiled your petition for review, which we received September 18, 2020. A check of the Court of Appeal docket shows that the dismissal order was filed July 1, 2020. This court lost jurisdiction to act on any petition for review [on] September 2, 2020. (See Cal. Rules of Court, rule 8.500(e).) Without this jurisdiction, this court is unable to consider your request for legal relief.

(*Id.*) Petitioner contends that during the time he received this letter, Folsom State Prison experienced an "explosive COVID-19 outbreak" and he contracted the virus. (*Id.* at 1.)

### D. Federal Habeas Corpus Petition

On November 9, 2020, Petitioner filed the instant Petition and cited a "Boykin/Tahl Violation" as the ground for relief. (Doc. 1 at 4); *see Boykin*, 395 U.S. 238; *In re Tahl*, 1 Cal.3d 122 (1969). To support his claim for relief, Petitioner states, "[a]lternative [s]entence [c]onviction obtained by guilty plea which was unlawful and not made voluntarily and intelligent[ly] nor advised of the consequences of the plea." (Doc. 1 at 4.)

## III. LEGAL STANDARD

"The statutory authority of federal courts to issue habeas corpus relief for persons in state custody is provided by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)." *Harrington v. Richter*, 562 U.S. 86, 97 (2011). Under § 2254(d), a petition for writ of habeas corpus may not be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of,

---

Notice of Lodgment of State Court Record. (*See* Doc. 18.)

clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A state court decision is 'contrary to' established federal law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from [Supreme Court] precedent.'" *Holley v. Yarborough*, 568 F.3d 1091, 1098 (9th Cir. 2009) (quoting *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000) (O'Connor, J., concurring)). "The state court's decision is 'an unreasonable application' [of clearly established federal law] if 'the state court identifies the correct governing legal principle' but applies the principle unreasonably to the prisoner's factual situation." *Holley*, 568 F.3d at 1098 (quoting *Williams*, 529 U.S. at 413). "'[C]learly established [f]ederal law' for purposes of § 2254(d)(1) includes only 'the holdings, as opposed to the dicta, of [the Supreme] Court's decisions.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Howes v. Fields*, 565 U.S. 499, 505 (2012)).

## IV. DISCUSSION

The Petition only involves one claim: a "Boykin/Tahl Violation" where Petitioner alleges his "[a]lternative [s]entence [c]onviction" was obtained through an involuntary and unknowing guilty plea. (Doc. 1 at 4.) Petitioner alleges that his 1991 plea agreement violates California Penal Code § 1016.8 and was not made voluntarily because he was not advised that the Three Strikes Law could apply to his prior convictions. (Doc. 34 at 3–4; *see also* Doc. 29 at 2.)

///

A.     Commencement of the Statute of Limitations Period

In accordance with AEDPA, there is a one-year statute of limitations period in which a federal habeas petition may be filed. 28 U.S.C. § 2244(d)(2). Petitioner's judgment became final for purposes of AEDPA on January 25, 2005, ninety days after the California Supreme Court denied his petition for review. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The statute of limitations for federal habeas corpus began to run on January 26, 2005, the day after the judgment became final. 28 U.S.C.A. § 2244(d)(1)(A); *see Corjasso v. Ayers*, 278 F.3d 874, 877 (9th Cir. 2002) (explaining the one-year statute of limitations under AEDPA begins to run the day after the conviction becomes final). Thus, the statute of limitations period would have expired on January 26, 2006, unless Petitioner can show the statute of limitations has a later start date. *See* 28 U.S.C. § 2244(d).

Section 2244(d)(1)(C) provides that the statute of limitations may begin to run on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Petitioner claims the earliest he could have raised the instant habeas claim would have been a day after the enactment of California Penal Code § 1016.8, which became effective on January 1, 2020. (Doc. 34 at 2); *see* Cal. Penal Code § 1016.8 (West). The Petition was filed on November 9, 2020. (*See* Doc. 1.) Therefore, Petitioner argues "the AEDPA one-year filing requirement has been tolled the entire time the [California Penal Code §] 1016.8 claim has been pending in state and federal court" and that the Petition is timely in accordance with AEDPA. (Doc. 34 at 2.)

Petitioner's claim purports to rely on a newly enacted California law,

California Penal Code § 1016.8, and is not predicated on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Slaughter v. California*, No. 2:20-CV-1552-JAK-JC, 2020 WL 2097746, at *3 (C.D. Cal. Apr. 30, 2020) (habeas petition alleging claim based on § 1016.8 is subject to statute of limitations under § 2244(d)(1)(A) because a claim based on a new state law is not a newly recognized right by the United States Supreme Court, as required for a trigger date under § 2244(d)(1)(C)); *Fletcher v. Sherman*, No. CV 20-8538-DSF (AGR), 2021 WL 1022863, at *3 (C.D. Cal. Jan. 19, 2021), *R. & R. adopted*, 2021 WL 979605 (C.D. Cal. Mar. 15, 2021) (the enactment of state statutes, including specifically Cal. Penal Code § 1016.8, "do[es] not provide a later start date for the statute of limitations under § 2244(d)(1)(C)"). Accordingly, § 2244(d)(1)(C) does not trigger a later commencement date of the limitations period.

Sections 2244(d)(1)(B) and 2244(d)(1)(D) are also inapplicable to the Petitioner's claim. *See* 28 U.S.C. § 2244(d)(1)(B); 28 U.S.C. § 2244(d)(1)(D). There was no state-created impediment which prevented the timely filing of the Petition, and Petitioner's claim is not based on the discovery of the factual predicate of his claim. (*See id.*) Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1155 n.3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000). Here, Petitioner knew or should have known the factual predicate for his claims on the date he was subjected to an enhanced sentence for his 2001 conviction, before that judgment became final. *See Hernandez v. California*, No. 2:20-cv-05930-JLS-JC, 2021 WL 4078730, at *6 (C.D. Cal. Sept. 8, 2021).

Accordingly, the statute of limitations began to run on January 26, 2005, the day after the judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Corjasso*, 278 F.3d at 877. The instant Petition was filed on November 9, 2020, which is untimely under AEDPA unless Petitioner can show he is entitled to statutory or equitable tolling.

B.   Statutory Tolling

AEDPA includes a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is "pending" in state court. 28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005). A petition rejected by the state court as untimely is not considered "properly filed" and does not toll the limitations period." *Id.*

"AEDPA's statutory tolling provision applies to 'all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application.'" *Sasser v. Koenig*, No. CV 21-1396 JGB (PVC), 2021 WL 3111850, at *4 (C.D. Cal. July 22, 2021) (quoting *Harris v. Carter*, 515 F.3d 1051, 1053 n.3 (9th Cir. 2008)). "Applying these principles to California's post-conviction procedure . . . the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge." *Harris*, 515 F.3d at 1053 n.3; *see also Carey v. Saffold*, 536 U.S. 214, 217–23 (2002) (under California's "original writ" system, an application for state collateral review is "pending" in the state courts so as to toll the federal statute of limitations during the interval between a lower court's decision and the filing of a further original state habeas petition in a higher court).

There is no statutory tolling for a state court petition that is filed after

the one-year limitations period already has expired. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); *Jiminez v. Rice*, 276 F.3d 478, 482 (9th Cir. 2001) (filing a state habeas petition after the AEDPA statute of limitations had expired "resulted in an absolute time bar").

As previously mentioned, Petitioner's one-year statute of limitations period ran from January 25, 2005 through January 26, 2006. *See supra* p. 6. The instant Petition was filed on November 9, 2020. There is no evidence of any properly filed application for post-conviction or other collateral review pending in state court which could have tolled the limitations period during the roughly fourteen-year period between January 26, 2006 and November 9, 2020. Therefore, Petitioner is not entitled to statutory tolling, and the Petition is untimely absent sufficient equitable tolling.

C. <u>Equitable Tolling</u>

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling. *Sasser*, 2021 WL 3111850, at *6. Equitable tolling is appropriate when the petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 U.S. at 418. "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F.3d 952, 959 (9th Cir. 2010) (quoting *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)). "[T]he threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro,* 292 F.3d 1063, 1066 (9th Cir. 2002) (internal quotation marks and citation omitted). This is to effectuate "AEDPA's

statutory purpose of encouraging prompt filings in federal court in order to protect the federal system from being forced to hear stale claims." *Guillory v. Roe,* 329 F.3d 1015, 1018 (9th Cir. 2003) (internal quotation marks and citation omitted).

The Petition does not expressly seek equitable tolling, nor does it allege any basis for equitable tolling. *See Miranda*, 292 F.3d at 1065 (habeas petitioners have the burden of proof to show both diligence and extraordinary circumstances to warrant equitable tolling); *see also Rudin v. Myles,* 781 F.3d 1043, 1055 (9th Cir. 2015) (a habeas petitioner "bears a heavy burden to show that she is entitled to equitable tolling"). Petitioner has not presented sufficient evidence to show he has been pursuing his rights diligently or that some extraordinary circumstances have prevented him from filing his claims. *See Pace*, 544 U.S. at 418. Therefore, equitable tolling is inapplicable, and the Petition should be denied as untimely.[2]

## V.  CONCLUSION

For the foregoing reasons, the Court respectfully **RECOMMENDS** Petitioner's Petition be **DENIED**.

This Report and Recommendation is submitted to the United States District Judge assigned to this case under 28 U.S.C. § 636(b)(1) and Local Civil Rule 72.1(c)(1)(d) of the United States District Court for the Southern District of California. Any party may file written objections with the Court and serve a copy on all parties on or before **May 2, 2022**. The document should be captioned "Objections to Report and Recommendation." Any reply

---

[2] Given the Court's recommendation that the Petition be denied as barred by the statute of limitations, the Court does not address whether the Petition is successive and does not consider the merits of the Petition.

1  to the Objections shall be served and filed on or before **May 9, 2022**.  The
2  parties are advised that failure to file objections within the specified time
3  may waive the right to appeal the District Court's Order.  *Martinez v. Ylst*,
4  951 F.2d 1153, 1157 (9th Cir. 1991).

5  **IT IS SO ORDERED**.

6  Dated:   April 18, 2022

Hon. Mitchell D. Dembin
United States Magistrate Judge