UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| STEVEN GILMORE, | Case No.: 20cv2230-WQH-MDD |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| RICK HILL, Warden, | |
| Respondent. | |

HAYES, Judge:

The matter before the Court is the Report and Recommendation issued by the Magistrate Judge. (ECF No. 36).

**I.   BACKGROUND**

On November 9, 2020, Petitioner Steven Gilmore initiated this action by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1). The Petition alleges a "Boykin/Tahl violation" in connection with a 2001 California state court conviction. (*Id.* at 4). In support of his Petition, Petitioner states that his "Alternative Sentence Conviction obtained by guilty plea … was unlawful and not made voluntarily and intelligent nor advised of the consequences of the plea." (*Id.*).

On November 3, 2021, Respondent Rick Hill filed a Response to the Petition. (ECF No. 29 at 2). Respondent contends that that the habeas petition is successive, barred by the statute of limitations, and that it fails on the merits. On January 28, 2022, Petitioner filed a Reply. (ECF No. 34).

1

On April 18, 2022, the Magistrate Judge issued the Report and Recommendation. (ECF No. 36). The Report and Recommendation recommends that the Court deny the Petition as barred by the one-year limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). The Magistrate Judge concluded that the limitations period began to run on January 26, 2005—the day after the judgment became final—and that tolling does not apply.

On June 3, 2022, Petitioner filed an Objection to the Report and Recommendation, challenging the Magistrate Judge's determination that the limitations period commenced on January 26, 2005. (ECF No. 39). The docket reflects no further filings.

## II. LEGAL STANDARD ON REPORT AND RECOMMENDATION

The duties of the district court in connection with a report and recommendation issued by a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b). The district judge must "make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("Neither the Constitution nor the [Federal Magistrates Act] requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct.").

## III. COMMENCEMENT OF THE LIMITATIONS PERIOD

In the Report and Recommendation, the Magistrate Judge determined that "Petitioner's judgment became final for the purposes of AEDPA on January 25, 2005, ninety days after the California Supreme Court denied his petition for review." (ECF No. 36 at 6). The Magistrate Judge determined that the commencement of the limitations period was not delayed by any subsequent (1) impediment to filing an application created by State action in violation of the Constitution or laws of the United States; (2) initial recognition

by the Supreme Court of the constitutional right asserted; or (3) discovery of the factual predicate of Petitioner's claim. The Magistrate Judge concluded that the limitations period commenced on January 26, 2005.

In his Objection, Petitioner challenges the determination that the limitations period commenced on January 26, 2005. Petitioner contends that the sentence imposed in connection with his 2001 conviction was enhanced under California's "three strikes law" by a 1991 conviction stemming from a plea bargain that was not knowing and intelligent. Petitioner contends that his 1991 plea was not knowing and intelligent because he was not informed that his conviction could later be used as a predicate for an increased sentence if there was an intervening change in the law. Petitioner contends that this violated California Penal Code Section 1016.8, a statute that was enacted on January 1, 2020. Petitioner contends that the limitations period commenced on January 1, 2020, as "the legal significance of the 1991 plea bargain could not [have] reasonably been know[n] to Petitioner" until the statute was enacted. (ECF No. 39 at 2).

28 U.S.C. § 2244(d) states:

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

The Petition alleges that the San Diego County Superior Court entered Petitioner's judgment of conviction on December 14, 2001. On October 27, 2004, the California Supreme Court denied review. Petitioner did not file a petition for certiorari in the United States Supreme Court. Under § 2244(d)(1)(A), "direct review" includes the period "within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court." *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). The judgment became final for the purpose of § 2244(d)(1)(A) on January 25, 2005, ninety days after the California Supreme Court denied Petitioner's appeal. *See Bowen*, 188 F.3d at 1159.

Petitioner contends that the limitations period instead commenced on January 1, 2020, because "the legal significance of the 1991 plea bargain could not [have] reasonably been know[n] to Petitioner" until California Penal Code Section 1016.8 was enacted. (ECF No. 39 at 2). California Penal Code Section 1016.8 provides, in part:

> A plea bargain that requires a defendant to generally waive unknown future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may occur after the date of the plea is not knowing and intelligent.
> [] A provision of a plea bargain that requires a defendant to generally waive future benefits of legislative enactments, initiatives, appellate decisions, or other changes in the law that may retroactively apply after the date of the plea is void as against public policy.

Cal. Penal Code § 1016.8(a)(4), (b).

The passage of California Penal Code Section 1016.8 did not remove an impediment to the filing of a petition—Petitioner was free to file a petition at any time after he was sentenced in 2001. *See Shannon v. Newland*, 410 F.3d 1083, 1087-88 (9th Cir. 2005) (holding that the issuance of a state court decision that created a legal basis for the petitioner's substantive arguments did not remove an impediment to filing an application because petitioner "was free to *file* such a petition at any time," and explaining that "[t]he limited case law applying § 2244(d)(1)(B) has dealt almost entirely with the conduct of state prison officials who interfere with inmates' ability to prepare and to file habeas petitions by denying access to legal materials"). Section 2244(d)(1)(B) does not apply.

Petitioner's claim is based on the passage of a state statute. Section 2244(d)(1)(C), which requires the initial recognition of a constitutional right by the United States Supreme Court, does not apply.

The factual predicate for Petitioner's claim is the use of Petitioner's 1991 conviction to enhance Petitioner's sentence in 2001. Under § 2244(d)(1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." *Hasan v. Galaza*, 254 F.3d 1150, 1155 n.3 (9th Cir. 2001) (quoting *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000)); *see Shannon*, 410 F.3d at 1088 ("If a change in (or clarification of) state law … could qualify as a 'factual predicate,' then the term 'factual' would be meaningless."). Petitioner knew or could have discovered the factual predicate for his claim on the date he was subjected to an enhanced sentence in 2001. Section 2244(d)(1)(D) does not apply. The Court adopts the Report and Recommendation with respect to the recommendation that the limitations period commenced on January 26, 2005, pursuant to § 2244(d)(1)(A).

## IV.   STATUTORY TOLLING AND EQUITABLE TOLLING

No party has filed an objection to the conclusion of the Report and Recommendation that Petitioner is not entitled to statutory or equitable tolling. The Court has reviewed the related portions of the Report and Recommendation and adopts the Report and Recommendation with respect to the recommendations that Petitioner is not entitled to statutory or equitable tolling and that the Petition be denied as barred by the statute of limitations.

## V.   MERITS

In his Objection, Petitioner contends that the Report and Recommendation "failed to adequately address the merits[] that the State Court violated the principle of fundamental fairness of the 14th Amendment's due process clause" and "failed to weigh in on how [California Penal Code Section 1016.8] created a new procedural rule implicit in the concept of ordered liberty." (ECF No. 39 at 1). The Court declines to address these

arguments concerning the merits of the Petition because the Court has determined that the Petition is barred by the statute of limitations.

## VI. CERTIFICATE OF APPEALABILITY

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a § 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). When a district court denies habeas relief on procedural grounds, "the petitioner seeking a [Certificate of Appealability] must show both 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *See Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). Jurists of reason would not find it debatable whether this Court's ruling that the Petition is barred by the statute of limitations is correct. A certificate of appealability is denied.

## VII. CONCLUSION

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 36) is adopted. Petitioner Steven Gilmore's Objection (ECF No. 39) is overruled. The Petition is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

Dated: July 18, 2022

Hon. William Q. Hayes
United States District Court

6

20cv2230-WQH-MDD